IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, LLC, AS TRUSTEE OF THE STONEBROOK DRIVE 453 LAND TRUST,<br>     *Plaintiff*,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br>     *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:19-cv-00036 |

### **DEFENDANT'S NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby removes this action from the 25th Judicial District Court of Guadalupe County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and as grounds for removal state as follows:

### I.     STATE COURT ACTION

1.     On December 19, 2018, Plaintiff Kingman Holdings, as Trustee of the Stonebrook Drive 453 Land Trust ("Plaintiff") filed its Original Petition and Application for Injunctive Relief (the "Complaint") in the 25th Judicial District Court of Guadalupe County, Texas, styled *Kingman Holdings, as Trustee of the Stonebrook Drive 453 Land Trust v. Wells Fargo Bank, N.A.*, Cause No. 18-2860-CV-C (the "State Court Action").

2.     Plaintiffs assert claims relating to the real property located at 453 Stonebrook Drive, Cibolo, Texas 78108 (the "Property"). *See* Compl. ¶¶ 5, 9-19.  Plaintiff purchased the Property at a homeowner's association foreclosure sale. *Id.* ¶ 12.  Plaintiff allegedly filed this lawsuit to prevent Wells Fargo from foreclosing on its senior lien and to determine the amount

necessary to equitably redeem the Property. *See id.* ¶¶ 13-19. To that end, Plaintiff seeks declaratory and injunctive relief. *Id.* ¶¶ 16-25.

3. With this Notice of Removal, Wells Fargo removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II.   PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d)(4), 1441, 1446(a).

5. This removal is timely because it is being filed within thirty days of Wells Fargo being served or otherwise making an appearance in the State Court Action. 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

7. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo is simultaneously with the filing of this Notice of Removal (1) serving Plaintiffs with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 166th Judicial District Court of Bexar County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

## III.   DIVERSITY OF CITIZENSHIP

8. The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Wells Fargo. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As shown below, the amount in controversy requirement is also satisfied.

---

[1] Wells Fargo has not included Exhibit 1 to the state court removal notice in Exhibit B because Exhibit 1 is a copy of the notice of removal filed in this Court.

**A.      Diversity of Citizenship**

9.      As Trustee, Kingman Holdings, LLC's citizenship controls for diversity purposes. "[W]hen a Trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) (citing *Navarro Savings Ass'n v. Lee*, 466 U.S. 458, 465–66 (1980)). On information and belief, Kingman Holdings, LLC is a Delaware limited liability company doing business in the State of Texas. *See* Compl. ¶ 2. Because Plaintiff is a limited liability company, its citizenship, for diversity jurisdiction purposes, is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Plaintiff is a citizen of Texas for diversity purposes. On information and belief, Kingman Holdings, LLC has one member: Mark C. Disanti. On information and belief, Mr. Disanti is domiciled in Dallas County, Texas, and is a Texas citizen.

10.      Wells Fargo is a national banking association pursuant to federal law. The citizenship of Wells Fargo is determined solely by the location of its main offices, as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Wells Fargo's main office is located in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes. *See* 28 U.S.C. § 1348; *Schmidt*, 546 U.S. at 318.

11.      Because Plaintiff is a citizen of Texas and Wells Fargo is a citizen of South Dakota, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**B.      Amount in Controversy**

12.      The amount-in-controversy element is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th

Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009). To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorney fees. *White*, 319 F.3d at 675–76.

13.     In this case, Plaintiff seeks declaratory and injunctive relief prohibiting Wells Fargo from exercising its rights in the Property through foreclosure. *See* Compl. ¶¶ 16-25. The amount in controversy in an action for injunctive or declaratory relief can also be characterized as "the value of the right to be protected or the extent of the injury to be prevented." *See Greenberg*, 134 F.3d at 1252-53. When the right to property is at issue, courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes. *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009); *see Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (finding under similar claims that, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property . . . , the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property"). Further, the Fifth Circuit has held that where a plaintiff seeks injunctive and declaratory relief

relating to the ability to enforce a deed of trust, the "value of that property represents the amount in controversy" for purposes of diversity jurisdiction. *See Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 342-43 (5th Cir. 2013).

14. Because Plaintiff is seeking declaratory and injunctive relief and the right to property is at issue, the amount in controversy is determined by the value of the Property. *See Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using current market value of property from the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland*, 485 Fed. App'x at 9 ("[T]he amount in controversy exceeds $75,000 due to the value of the subject property . . . .")). According to the Guadalupe Appraisal District, the current value of the Property is $ 204,613. A true and correct copy of the Guadalupe Appraisal District property information is attached hereto as **Exhibit C**.[2] Thus, the value of the Property alone satisfies the amount in controversy requirement.

15. Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

## IV.   CONCLUSION

WHEREFORE, Defendant Wells Fargo Bank, N.A. removes this action from the 25th Judicial District Court of Guadalupe County, Texas, to the United States District Court for the

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Wells Fargo respectfully requests that the Court take judicial notice of the Guadalupe Appraisal District tax record for the Property. Wells Fargo does not contend that this particular appraisal constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

        Respectfully submitted,

        LOCKE LORD LLP

By: _____

        **B. David L. Foster**
        Texas Bar No. 24031555
        **Joel Thomason**
        Texas Bar No. 24086612
        600 Congress Ave., Suite 2200
        Austin, Texas 78701
        (512) 305-4700
        (512) 305-4800 (Facsimile)
        dfoster@lockelord.com
        jthomason@lockelord.com

        **Robert T. Mowrey**
        Texas Bar No. 14607500
        2200 Ross Avenue, Suite 2200
        Dallas, Texas 75201-6776
        (214) 740-8000
        (214) 740-8800 (Facsimile)
        rmowrey@lockelord.com

        **ATTORNEYS FOR DEFENDANT**
        **WELLS FARGO BANK, N.A.**

70583354v.1 0105492/00616

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 14th day of January, 2019, to the following:

**VIA FACSIMILE AND U.S. MAIL**
Justin Nichols
Adam B.J. Poole
THE NICHOLS LAW FIRM, PLLC
405 N. Saint Mary's Street, Suite 1000
San Antonio, Texas 78205
(210) 354-2300
(800) 761-5782 (Facsimile)
efile@thenicholslawfirm.com
*Attorney for Plaintiff*

                                  Joel Thomason

70583354v.1 0105492/00616